UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MID-AMERICA CARPENTERS REGIONAL COUNCIL, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 4:25-CV-927-SRW |
| LANDMARK INTERIORS, LLC, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Default Judgment[1] against Defendant Landmark Interiors, LLC. ECF No. 11.

**I.   BACKGROUND**

On June 23, 2025, Plaintiffs filed this action against Defendant alleging Defendant failed and refused to make all fringe benefit contributions pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §1132(g)(2) (ERISA) and the Labor Management Relations Act, 29 U.S.C. §185. Defendant was validly served on September 23, 2025, and Defendant has failed to file an answer or other responsive pleading within the time required by Fed. R. Civ. P. 12. On November 5, 2025, Plaintiffs filed a Motion for Entry of Clerk's Default (ECF No. 13) which was granted on November 18, 2025 (ECF No. 14).

---

[1] There are eleven Plaintiff entities in this action: (1) MID-AMERICA CARPENTERS REGIONALCOUNCIL, a labor organization; (2) CARPENTERS' PENSION TRUST FUND OF ST. LOUIS, an employee benefit plan, and (3) the BOARD OF TRUSTEES of the Carpenters' Pension Trust Fund of St. Louis; (4) ST. LOUIS-KANSAS CITY CARPENTERS REGIONAL HEALTH PLAN, an employee benefit plan, and (5) the BOARD OF TRUSTEES of the St. Louis-Kansas City Carpenters Regional Health Plan; (6) ST. LOUIS-KANSAS CITY CARPENTERS REGIONAL ANNUITY PLAN, an employee benefit plan, and (7) the BOARD OF TRUSTEES of the St. Louis-Kansas City Carpenters Regional Annuity Plan; (8) ST. LOUIS-KANSAS CITY CARPENTERS REGIONAL VACATION PLAN, an employee benefit plan, and (9) the BOARD OF TRUSTEES of the St. Louis-Kansas City Carpenters Regional Vacation Plan; (10) ST. LOUIS- KANSAS CITY CARPENTERS REGIONAL TRAINING FUND, an employee benefit plan, and (11) the BOARD OF TRUSTEES of the St. Louis-KansasCity Carpenters Regional Training Fund.

Plaintiffs now seek entry of default judgment against Defendant under Fed. R. Civ. P. 55(b)(2) and seek monetary damages for unpaid contributions, interest, audit fees, and attorneys' fees and court costs.

## II.     LEGAL STANDARDS

Default judgments are not favored in the law. *United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993). Before such is granted, a court should satisfy itself that the moving party is entitled to judgment by reviewing the sufficiency of the complaint and the substantive merits of the plaintiff's claim. *Painters Dist. Council No. 58 v. Landmark Interiors, LLC*, 2024 WL 4416826, at *1 (E.D. Mo. Oct. 4, 2024); *see also Mid-Am. Carpenters Reg'l Council v. St. Louis Union Installations, LLC*, 2023 WL 5831908, at *1 (E.D. Mo. Sept. 8, 2023). To obtain a default judgment under Federal Rule of Civil Procedure 55(b), a party must follow a two-step process. *Id*.

First, pursuant to Fed. R. Civ. P. 55(a), the moving party must obtain an entry of default from the Clerk of Court. *Id*. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once the clerk of court enters a default, "the allegations of the complaint, except as to the amount of damages are taken as true." *Greater St. Louis Const. Laborers Welfare Fund v. AbatePro, Inc.*, 2018 WL 5849980, at *1 (E.D. Mo. Sept. 6, 2018) (cleaned up) (quoting *Carpenters' Dist. Council of Greater St. Louis & Vicinity v. Hard Rock Foundations, LLC*, 2013 WL 6037097, at *2 (E.D. Mo. Nov. 14, 2013)); *see also Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) (noting that allegations within a well-pleaded complaint are to be taken as true in a default judgment action); *Painters Dist. Council No. 58 v. Kramer Drywall, LLC*, 2025 WL 1797536, at *1 (E.D.

Mo. June 30, 2025); Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

Additionally, the moving party must "apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). While courts deem all well-pleaded facts admitted upon default, "it remains for the [district] court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (citing 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 2688 at 63 (3d ed. 1998)).

Further, a party entitled to default judgment must sufficiently prove its damages. *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818–19 (8th Cir. 2001). The Court "may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co.*, 239 F.Supp.2d 26, 30 (D.D.C.2002) (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir.1979)).

"With respect to damages in an action for delinquent fringe benefits, pursuant to 29 U.S.C. § 1132(g)(2), a plaintiff is entitled to recover all of the principal contributions owed, plus interest, liquidated damages (or the value of the interest again, where that amount is greater than the liquidated damages, or where liquidated damages have not been provided for), attorneys' fees, and costs." *Greater St. Louis Constr. Laborers Welfare Fund v. Gateway Constr. Servs., Inc.*, 2020 WL 6483944, at *2 (E.D. Mo. Nov. 4, 2020). Unpaid contributions, interest, and liquidated damages are "considered sums certain because their calculations are mandated under § 1132(g)(2) of ERISA and by party agreements." *Id*. (citing *Serv. Emps. Int'l*

3

*Union Nat'l Indus. Pension Fund v. LTP Generations*, 2019 WL 1423686, at *6 (D.D.C. Mar. 29, 2019).

Where "the findings and judgment regarding damages in the instant case are capable of being computed on the basis of facts of record ...the district court need not hold an evidentiary hearing on the issue of damages." *Taylor v. City of Ballwin*, 859 F.2d 1330, 1333 (8th Cir. 1988) (citing *Pope v. United States*, 323 U.S. 1, 12 (1944) ("[i]t is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly.")); *see also* 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2688 (3d ed. 2012) ("If defendant does not contest the amount prayed for in the complaint and the claim is for a sum certain or a sum that can be made certain by computation, the judgment generally will be entered for that amount without any further hearing.").

### III. DISCUSSION

At all times relevant to this matter, Defendant was a party to and bound by the terms of its collective bargaining agreements with the Plaintiffs. Defendants have failed to defend this matter and on November 18, 2025, a clerk's default was entered which is a prerequisite to the granting of a default judgment under Fed. R. Civ. P. 55(b). The Court must now determine whether the unchallenged facts constitute legitimate causes of action. *Murray*, 595 F.3d at 871.

Plaintiffs bring an ERISA claim, which requires employers to make contributions to a multiemployer plan in compliance with the agreement, alleging that Defendant did not comply with the terms of their agreements. 29 U.S.C. § 1145. ERISA allows the following:

> A civil action may be brought— . . . (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of

the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan[.]

29 U.S.C. § 1132(a). Courts regularly require defendants to discharge their obligations in fringe benefit disputes. *See Installations, LLC*, 2023 WL 5831908, at *3 (citing *Laborers Fringe Ben. Funds-Detroit & Vicinity v. Nw. Concrete & Const.*, Inc., 640 F.2d 1350, 1350–53 (6th Cir. 1981); *Cent. States, Se. & Sw. Areas Pension Fund v. N.E. Friedmeyer-Sellmeyer Distrib. Co.*, 650 F. Supp. 978, 980 (E.D. Mo. 1987); *Trs. for IBEW, Loc. No. 1, Health & Welfare Fund v. Res. Elec. Sys., Inc.*, 2020 WL 7353709, at *1, *4–5 (E.D. Mo. Dec. 15, 2020); *Painters Dist. Council No. 2 v. Com. Drywall Const., LLC*, 2012 WL 996663, at *4 (E.D. Mo. Mar. 23, 2012)). Here, Plaintiffs have pleaded a valid cause of action under ERISA.

Plaintiffs also seek attorneys' fees and costs, audit fees, and any contributions, liquidated damages, and interest found to be due and owing based on the requested payroll audit. ERISA explicitly requires, or permits in the Court's discretion, each type of relief that Plaintiffs request:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of –
> (i) interest on the unpaid contributions, or
> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal and equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2). To recover these damages, Plaintiffs must prove them to a reasonable degree of certainty. *Everyday Learning Corp.*, 242 F.3d at 818-19. They may do so through

5

sworn affidavits and supporting documentation. *SSM Managed Care Org., L.L.C. v. Comprehensive Behavioral Care, Inc.*, 2014 WL 1389581, at *2-4 (E.D. Mo. Apr. 9, 2014).

Based on review of the record, the Court finds that Plaintiffs provided ample evidence of their damages. Plaintiffs submitted affidavits of Brad Soderstrom, John Conklin, and Greg Campbell, and exhibits in support of the damages it seeks (ECF No. 12). Brad Soderstrom is an auditor with the first Anders CPAs and Advisors. This firm conducted a payroll examination of Defendant for the period of February 1, 2022 through December 31, 2024. This audit reflects $182,561.63 owed in contributions. This audit cost $12,093.00. John Conklin is the Contributions Department Manager for the Northern Illinois Region of the Mid-America Carpenters Regional Council Benefit Funds. Regarding the audit delinquencies, he calculated the liquidated damages at $35,509.52 and interest due on the contributions outlined by the auditor at $22,655.44. In addition to the audit amounts, the unpaid contributions following the audit amount to $57,212.24, with liquidated damages at $11,349.55 and interest due at $4,402.64. Greg Campbell is Plaintiffs' counsel in this matter. He reflects charges for attorney's fees of $972.50 and court costs of $880.00, for a total of $1,852.50.

Based on the documentation and affidavits submitted by Plaintiffs, the Court finds that Defendant was bound at all relevant times by a valid collective bargaining agreement, and that it breached its obligations by failing to timely pay the required contributions thereunder. The Court then finds that under ERISA, 29 U.S.C. §1132(g)(2) and §1145, and under the applicable collective bargaining agreements, defendant Landmark Interiors, LLC owes the following amounts:

<u>Audit Delinquencies</u>
    Audit Contributions:            $182,561.63
    Audit Liquidated Damages:  $35,509.52
    Audit Interest:                 <u>$22,655.44</u>

        Subtotal:                                  $240,726.59

Unpaid Reports
    Contributions:                 $57,212.24
    Liquidated Damages:      $11,349.55
    Interest:                         $4,402.64
    Subtotal:                       $72,964.43

Further, Plaintiffs incurred $12,093.00 in audit costs, the payment of which is commonly allowed by 29 U.S.C. §1132(g)(2)(E). *See Greater St. Louis Construction Laborers' Welfare Fund, et al., v. A Shining Store, Inc.*, 547 F.Supp.2d 997 (E.D. Mo. 2008); *Schembre v. Orth Constr. Co.*, 199 F.Supp.2d (E.D. Mo. 2001); *Greater St. Louis Construction Laborers' Welfare Fund, et al., v. Don Richardson*, 775 F.Supp. 1249 (E.D. Mo. 1991).

Additionally, the collective bargaining agreements and ERISA, 29 U.S.C. §1132(g)(2)(d), also require defendants to pay Plaintiffs' attorneys' fees and costs. Based on the evidence presented, the Court finds that Plaintiffs' attorneys performed reasonable and necessary services to the litigation in this case and that they charged reasonable rates for their services. *See Greater Kansas City Laborers Pension Fund v. Thummel*, 738 F.2d 926, 931 (8th Cir. 1984). Thus, Plaintiffs sufficiently proved they incurred attorneys' fees of $972.50 and court costs of $880.00, for a total of $1,852.50.

In sum, Plaintiffs proved that they suffered damages totaling $327,636.52.[2]

---

[2] Plaintiffs' Motion for Default Judgment (ECF No. 11) reflects a total of $327,136.52 but in adding the amounts owed, the Court has come to the total amount owed of $327,636.52.

7

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment (ECF No. 11) is **GRANTED**.

A separate judgment shall accompany this Memorandum and Order.

So Ordered this 8th day of December, 2025.

 

**CRISTIAN M. STEVENS**
**UNITED STATES DISTRICT JUDGE**