UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MID-AMERICA CARPENTERS REGIONAL COUNCIL, et al, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 4:25-cv-00927 SRW |
| v. | ) ) | |
| LANDMARK INTERIORS, LLC, | ) ) ) | |

## ORDER

This action brought pursuant to Section 301 of the Labor Management Relations Act of 1947, codified as amended, 29 U.S.C. §185, and pursuant to Section 502 of the Employee Retirement Income Security Act of 1974, codified as amended, 29 U.S.C. §1132, is before the Court on Plaintiff's Motion for Contempt against Defendant Landmark Interiors, LLC and its principal Cardin T. Rackley. (Doc. 31) Default judgment was entered against defendant in the amount of $327,636.52. (Doc. 16)

Subsequent to entry of judgment, plaintiffs issued a subpoena and Notice of Rule 69 Deposition and Request for Production of Documents requiring Defendant and its principal to appear for deposition and to produce various documents relating to defendant's assets. The subpoena and deposition notice were personally served on defendant's principal Cardin T. Rackley at 1671 Celerity Drive, Florissant, Missouri 63031. Defendant failed to appear or to produce the requested records, so plaintiffs filed a Motion to Compel. (Doc. 28) The Court then ordered defendant's principal Cardin T. Rackley to appear for deposition on June 26, 2026, and ordered defendant to immediately produce the documents sought by plaintiffs in their Notice of Rule 69 Deposition and Request for Production of Documents. (Doc. 30) Presently before the Court is

plaintiffs' Motion for Contempt and Suggestions in Support (Doc. 31) in which plaintiffs attest that Defendant and Mr. Rackley failed to comply with this Court's Order by failing to produce the requested documents, and failing to appear for deposition.

The Court will hold a hearing on Plaintiffs' Motion for Contempt against Defendant and its principal Cardin T. Rackley to determine whether the Court should hold Defendant and its principal in contempt. See Fischer v. Marubeni Cotton Corp., 526 F.2d 1338, 1340 (8th Cir. 1975) (explaining that a district court "has inherent power to enforce compliance with its lawful orders and mandates"). If Defendant fails to appear, the Court will hold Defendant in contempt. See, e.g., Iron Workers St. Louis Dist. Council Annuity Trust v. Miler Buldg. Group, LLC, 4:14-cv-01298-JAR, 2015 WL 1442801, at *2 (E.D. Mo. Mar. 27, 2015) (finding defendant in contempt after defendant failed to appear at hearing on contempt motion). In addition, the imposition of contempt sanctions could include sanctions on Defendant and its principal. See, e.g., Carpenters' Dist. Council of Greater St. Louis and Vicinity v. DLR Opportunities, Inc., 4:07-cv-00061-CAS (E.D. Mo. Feb. 22, 2008) (imposing a compliance fine of $100 per day on the defendant's president); Painters Dist. Council No. 2 v. Paragon Painting of Mo., LLC, 4:08-cv-01501-ERW (E.D. Mo. Sept. 1, 2011) (issuing a writ of body attachment and ordering the United States Marshals Service to bring the defendant's owner before the court).

Accordingly,

**IT IS HEREBY ORDERED** that a hearing is set for [date], at [time], in Courtroom _____ of the Thomas F. Eagleton United States Courthouse, 111 South 10th Street, St. Louis, Missouri 63102, at which Cardin T. Rackley, shall appear and show cause why civil contempt sanctions should not be imposed against it for failure to comply with this Court's Order of May 21, 2026 (Doc. 30). Defendant has the right to representation by counsel. See 28 U.S.C. §1654. Failure to

appear for the hearing as ordered may subject Cardin T. Rackley to arrest by the United States Marshals Service.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall additionally mail a copy of this Order to Defendant at 1671 Celerity Drive, Florissant, Missouri 63031.

Dated this _____ day of _____, 2026.

_____
UNITED STATES DISTRICT JUDGE